IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE COMPANY, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:12-CV-568-N |
| SHERRY SHOOK, | | |
| Defendant. | | |

**ORDER**

This Order addresses two motions: (1) Defendant Sherry Shook's motion to dismiss Plaintiff Old American County Mutual Fire Insurance Company's ("Old American") complaint or, in the alternative, to abate [Doc.10]; and (2) Shook's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) [17]. The Court denies both motions.[1]

**I. THE PARTIES' INSURANCE COVERAGE DISPUTE**

This is an action for declaratory judgment to determine whether Old American has a duty to indemnify Shook under an automobile liability policy Old American issued to nonparty Jimmy Anderson Jarrett (the "Policy"). On November 17, 2009, a vehicle driven by Jarrett collided with a vehicle in which Shook was a passenger. Shook was injured in the collision. Shook sued Jarrett in state court in Williamson County, Texas (the "Underlying

---

[1] Old American has also moved for a continuance and requested that the Court reopen pleadings [18]. The Court denies the motion as moot.

Suit"), winning a judgment of over $550,000, an amount well above Jarrett's policy limit.

Jarrett assigned his causes of action against Old American to Shook. Old American filed this suit a week after that assignment, seeking a declaratory judgment that it has no duty to indemnify Shook. Five days later, Shook sued Old American in state court in Travis County, Texas. Shook now moves to dismiss this action and for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

## II. THE COURT DECLINES TO DISMISS THIS ACTION

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). "It is now well-settled in the Fifth Circuit that a district court has discretion over whether to decide or dismiss a declaratory judgment action." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993) In exercising this discretion, a court should consider several nonexhaustive factors (the "*Trejo* factors"):

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 388 (5th Cir. 2003) (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994)).

ORDER – PAGE 2

The Court concludes, after weighing all the *Trejo* factors, that dismissal is improper in this case. As to the first factor, there is a pending state court action that would seem to provide a forum for the resolution of all the issues raised in this case. This factor thus weighs in favor of dismissing the case.

Second, Shook asserts that Old American "clearly" filed this action in anticipation of a lawsuit filed by Shook, but Shook points to no evidence other than the case's timeline to support this conclusion. Moreover, a declaratory action is an appropriate and recognized method of resolving an insurance coverage dispute. *See, e.g.*, *Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P.*, 267 F. Supp. 2d 601, 630 (E.D. Tex. 2003) (listing declaratory action as among insurer's options under Texas law when faced with defending insured) (quoting *Farmers Tex. Cnty. Mut. Ins. Co. v. Wilkinson*, 601 S.W.2d 520, 522 (Tex. Civ. App. – Austin 1980, writ ref'd n.r.e.)). Old American's filing of this suit, even if it anticipated a later filing by Shook, is thus not improper or illegitimate. This factor, then, points toward retaining the action.

Third, there is no evidence that Old American engaged in forum shopping. Shook asserts that the fact that Old American did not name Jarrett as a defendant supports the view that Old American was shopping for a more favorable forum because, she argues, joinder of Jarrett would destroy this Court's diversity jurisdiction.[2] But Jarrett assigned his rights against Old American to Shook. As explained further below, *see infra* section III.A, Shook has not proved that Jarrett is a required party to this case or, consequently, that Old American

---

[2]Old American and Jarrett are both Texas residents; Shook is an Alabama resident.

ORDER – PAGE 3

impermissibly left Jarrett out of the suit. Moreover, this Court, like the Travis County state court, will apply Texas state law to this case. Shook has not indicated why Old American would have a strategic advantage in this as opposed to the state action. Because there is no evidence of forum shopping, the third factor suggests that the Court should not dismiss this case.

Fourth, Shook has pointed to no inequities in allowing the Old American to gain precedence in time or to change forums to this Court. As explained above, both this Court and the state court in Travis County will apply Texas law to the merits of the actions relating to this case. Shook brings to the Court's attention no reason why proceeding here rather than in state court would prejudice Shook. This factor, then, also weighs in favor of the Court retaining this lawsuit.

Fifth, this Court provides a convenient forum for the parties and witnesses. Old American handled the claim at issue in this case in Royce City, Texas, which is in Rockwall County. Rockwall County is part of the Dallas Division of the Northern District of Texas. This forum is thus convenient for Old American. Shook is an Alabama resident; any difference to her in convenience between Dallas and Travis Counties is minimal. As for witnesses, Shook has asked for two depositions from Old American claims handlers who live and work in Dallas and Rockwall Counties. Based on these facts, the Court concludes that the Northern District of Texas provides a convenient forum for the parties and witnesses, and that this factor supports not dismissing this action.

Sixth, retaining this case would likely not serve the purposes of judicial economy. The state action and this suit appear to address the same issues, and both cases could resolve the issues permanently. This factor, then, tilts toward dismissing the action.

Seventh, the Court is not being called on to construe a state judicial decree involving the parties from the parallel action. This factor thus points toward not dismissing the lawsuit. *Cf. Mid-Continent Cas. Co. v. Classic Star Grp., LP*, No. 4:12-CV-326-A, 2012 WL 4195262, at *5 (N.D. Tex. Sept. 19, 2012) (concluding that fact that court is not construing state decree means seventh *Trejo* factor weighs in favor of hearing declaratory action); *Admiral Ins. Co. v. Little Big Inch Pipeline Co.*, 496 F. Supp. 2d 787, 793 (W.D. Tex. 2007) (same).

In conclusion, five of the seven *Trejo* factors weigh in favor of retaining the case, and two weigh in favor of dismissing it. On balance, the Court concludes that the weight of the evidence is on the side of retaining the case. The Court accordingly denies Shook's motion to dismiss.

### III.  SHOOK IS NOT ENTITLED TO JUDGMENT ON THE PLEADINGS

Shook moves for judgment on the pleadings pursuant to Rule 12(c). She asserts that the Court should dismiss this action because of Old American's failure to join Jarrett as required by Rule 19(b).[3] The Court applies the same standard to a motion seeking judgment under Rule 12(c) for failure to join that it would to a motion seeking dismissal under Rule

---

[3]Rule 12(h)(2) permits a party to raise a claim of failure to join a person required by Rule 19(b) in a motion under Rule 12(c).

12(b)(7) for failure to join. *See* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367, at 218 (3d ed. 2004). A motion to dismiss for failure to join a required party "will not be granted because of a vague possibility that persons who are not parties may have an interest in the action." *Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, No. H-11-CV-1846, 2012 WL 1038658, at *1 (S.D. Tex. Mar. 27, 2012) (citing WRIGHT & MILLER, *supra*, § 1359, at 65). In determining a Rule 12(b)(7) motion – and thus a Rule 12(c) motion alleging failure to join a required party – the Court is not limited to pleadings. Rather, it may consider "allegations of the complaint and the affidavits and other proofs adduced in contradiction or support thereof." *Estes v. Shell Oil Co.*, 234 F.2d 847, 849 (5th Cir. 1956).

Dismissal for failure to join a proper party under Rule 19(b) involves a two-part inquiry. *Hood v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009); *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). First, the court must determine whether the party must be added under Rule 19(a). Rule 19(a) requires joinder of a party that will not deprive the court of subject matter jurisdiction if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1).

If the party is indeed required, and if joinder would destroy the court's subject matter jurisdiction, the court moves to the second step of the inquiry. In this phase, the court decides "whether litigation can be properly pursued without the absent party." *Hood*, 570 F.3d at 629. In making this determination, the court considers the factors set out in Rule 19(b). *Id.* These factors are

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FED. CIV. P. 19(b).

### A. *Jarrett Is Not a Required Party Under Rule 19(a)*

Jarrett is not a required party in this case, so the Court need not proceed to the second step of the Rule 19 analysis. First, under Rule 19(a)(1)(A), the Court can accord complete relief among the existing parties. Old American seeks only a declaratory judgment that it has no duty to indemnify Shook. Shook has asserted no counterclaims, and the pleadings are closed. Because Jarrett has assigned his causes of action to Shook, Compl. ¶ 7, his presence in this suit is not necessary for the Court to resolve every issue before it.

Second, under Rule 19(a)(1)(B), Jarrett claims no interest relating to the subject of this action: whether Old American must indemnify Shook. Jarrett, to the Court's knowledge, has not himself "claim[ed] an interest relating to the subject of the action." FED. R. CIV. P.

ORDER – PAGE 7

19(a)(1)(B). Moreover, he has no interest to claim. Shook argues that Jarrett assigned only his causes of action against Old American to Shook and that, accordingly, he still has other rights under the Policy that he did not assign. The Policy, however, expired by its own terms on May 20, 2009, *see* Compl. Ex. 4 at 1, and Shook does not explain how any of the rights Jarrett allegedly retained under the Policy are related to this action as contemplated by Rule 19(a)(1)(B). Furthermore, even if Jarrett has remaining rights under the Policy, and even if he sought to exercise them, this action would not affect any efforts by Jarrett to protect those interests. *See* FED. R. CIV. P. 19(a)(1)(B)(i). Shook has presented the Court with no evidence that a declaratory judgment that Old American has no duty to indemnify Shook would affect any of Jarrett's allegedly retained rights. And finally, disposing of this action will not leave Shook or Old American subject to a substantial risk of incurring multiple or inconsistent obligations. *See* FED. R. CIV. P. 19(a)(1)(B)(ii).

In sum, the Court concludes that it can accord complete relief among the existing parties and that Jarrett, as an assignor of his causes of action under the Policy, has no claim to an interest relating to the subject of the action. *Cf. Hallman v. Safeway Stores, Inc.*, 368 F.2d 400, 403 (5th Cir. 1966) (assignor of contract to purchase real estate was not necessary party under Rule 19 when assignee was plaintiff); *Int'l Transactions Ltd. v. Embotelladora Agral Regiomontana S.A. de C.V.*, No. 3:01-CV-1140-G, 2006 WL 2217478, at *5 n.15 (N.D. Tex. Aug. 3, 2006) ("Once an award is assigned, the assignor is no longer a real party in interest.").

### *B. Even if Jarrett Were a Required Party, This Action Should Proceed Without Him*

Even if Jarrett were a required party in this action under Rule 19(a), the Court would determine under Rule 19(b) that this action should proceed between the existing parties. First, the Court will be able to render a declaratory judgment, or decline to render one, without prejudicing Old American, Shook, or Jarrett. As to the parties, there is no question that the Court's resolution of the case will not be prejudicial. The question of "whether any party will be prejudiced" is the most important of Rule 19(b)'s factors. *Shelton v. Exxon Corp.*, 843 F.2d 212, 216 (5th Cir. 1988). Moreover, since Old American asks only for limited relief regarding its duty to indemnify *Shook*, resolution of this case will not prejudice Jarrett. This factor thus weighs in favor of allowing the action to proceed. Since there will be no prejudice, the second factor carries no weight. Third, the Court will be able to render an adequate judgment in Jarrett's absence. This factor also supports allowing the action to proceed. Fourth, Old American would have an adequate remedy if the court were to dismiss for nonjoinder: proceeding in state court. Thus, this factor tilts toward dismissing the action.

In sum, two factors, including the most important, weigh in favor of allowing the action to proceed; only one factor weighs against it; and one factor carries no weight. The Court thus concludes that, even if Jarrett were a required party under Rule 19(a), the action should proceed as contemplated by Rule 19(b).

### CONCLUSION

For the reasons stated above, the Court denies Shook's motion to dismiss and her motion for judgment on the pleadings.

Signed December 19, 2012.

_____
David C. Godbey
United States District Judge